PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:11CR00584 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CRAIG ROBINSON, *et al.*, | ) | |
| | ) | **OMNIBUS ORDER** [Resolving ECF |
| Defendants. | ) | Nos. 62, 63, 64, 65, 66 and 88.] |

Several matters are before the Court upon pre-trial motions filed by Defendant Jeeva Rangaraju and the Government. The Court has reviewed the motions, the pertinent briefs and the governing law. Each motion will be addressed separately below.

1. **Rangaraju's Motion *In Limine* to Exclude References to His Citizenship** [ECF No. 62]

Rangaraju argues that evidence of his Indian citizenship is not relevant to the charges of wire fraud and conspiracy, and is prejudicial because "[j]urors are drawn from the U.S. citizenry." ECF No. 62. In opposition, the Government argues that Rangaraju's Indian citizenship is relevant for the following reasons:

(1) the genesis of Rangaraju's personal and professional relationship with Co-Defendant Mahesh Saraswathy lies in India;

(2) Rangaraju and Saraswathy hired Co-Defendant Craig Robinson to be president of Allied Solutions Group, Inc.,because they believed the president had to be a U.S. citizen, and this is why Robinson's name alone appears on Allied's tax returns;

(3) the country of India played a significant role in the growth of Defendants' relationship

(5:11cr00584)

with Aquent Financial Services; and

(4) certain of Allied's assets were procured through Rangaraju's Indian citizenship and these assets were part of Aquent's discussion as it uncovered the fraud.  ECF No. 73.

Rangaraju replies that evidence of the reasons underlying Robinson's selection as president of Allied is impermissible under FRE 404(b), and, moreover, it has no relevance to the conspiracy because any fraudulent intent was formed years after Allied was organized.  ECF No. 78.

Evidence of Rangaraju's citizenship is intertwined with the Government's theory of the manner in which Defendants came to know one another and how they organized the corporation that allegedly came to be a vehicle for fraud.  Furthermore, evidence of the reasons behind Robinson's selection as president is not being used to show character to commit fraud but rather the nature of the conspiracy.  In addition, the cases cited by Rangaraju purporting to state that the probative value of one's immigration status generally is outweighed by its prejudicial effect are inapposite because those cases involved evidence of illegal immigration under unreconcilable sets of facts.  Ultimately, evidence of Rangaraju's Indian citizenship is not unduly prejudicial unless one makes the unwarranted inference that the American populace is generally biased against foreign nationals.

The Motion is DENIED.

2. **Rangaraju's Motion for Production of Co-Defendants' Statements** [ECF No. 63]

Rangaraju moved for the Government to produce the FBI 302s of his Co-Defendants. Rangaraju's counsel represented at the hearing that these documents have been received.

(5:11cr00584)

    Rangaraju's Motion is DENIED as Moot.

    **3. Rangaraju's Motion to Dismiss or Strike Multiplicitous Charges** [ECF No. 64]

    The Indictment (ECF No.1) charges Rangaraju with eleven (11) separate instances of wire fraud for transmitting false invoices through the wires.  For each of those charges, there is also a separate, corresponding charge of wire fraud based upon the payment transferred as the result of the false invoice.  Rangaraju argues that the reciprocal payment counts are multiplicitous and should be stricken because they subject Rangaraju to double jeopardy, and they are prejudicial as they create the appearance of twice the amount of criminal activity.  ECF No. 64.  The government responds that the additional charges are proper because they allege a separate offense under the wire fraud statute.  ECF No. 74.

    The Indictment alleges that Defendants Robinson, Saraswathy and Rangaraju are members of Allied Solutions Group, an IT consulting firm.  Allied allegedly entered into an agreement with a "factoring" company, Aquent, by which Aquent agreed to buy Allied's accounts receivables (invoices) with cash, typically for 80% of their value.  The Indictment alleges that between 2006 and 2008, Defendants transmitted eleven (11) fraudulent invoices to Aquent by wire as part of a scheme "to induce Aquent to advance payments to Allied."  For each alleged transmission of a fraudulent invoice, Defendants are changed with one count of wire fraud.  The Indictment also alleges that, on eleven (11) subsequent occasions, Defendants "caused" Aquent to transmit by wire funds to Allied in the amount of 80% of each fraudulent invoice.  For each transmission of payment, Defendants are charged with one (1) additional count of wire fraud.

(5:11cr00584)

Rangaraju argues that each count charging an offense for a transmission of payment is duplicative of the corresponding count charging an offense for the transmission of the false invoice. Rangaraju maintains that, as a result, he is subjected to two penalties for each offense.

A close reading of the statute reveals that "each use of the wires constitutes a separate crime under 18 U.S.C. 1343, even if the several uses are in pursuance of but one single criminal enterprise." *United States v. Busacca*, 936 F.2d 232, 239 (6th Cir. 1991); *see also United States v. Luongo*, 11 F.3d 7, 9 (1st Cir. 1993). Furthermore, a use of a wire in the context of the statute occurs not only when one "transmits" but also when one "causes to be transmitted" "any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . . ." 18 U.S.C. 1343. The "payment" charges are not unlawfully duplicitous of the false invoice charges.

Accordingly, Rangaraju's Motion to Dismiss or Strike Multiplicitous charges is DENIED.

   **4. Rangaraju's Motion for Disclosure of Rule 404(b) Evidence** [ECF No. 65.]

Rangaraju's Motion for Disclosure of Rule 404(b) Evidence is DENIED for the reasons provided during the hearing conducted on October 2, 2012. At the hearing, the Government represented that it had no such evidence to produce. Rangaraju's counsel then alluded to the Government's wishes to introduce evidence with respect to the formation of Allied and the reasons behind why Robinson was chosen to be president of the corporation. As already explained by the Court in deciding Rangaraju's Motion to Exclude References to His Citizenship (ECF No. 62), this evidence is not being used to show character to commit fraud but rather the

4

(5:11cr00584)

nature of the conspiracy.

### 5. Rangaraju's Motion *In Limine* to Exclude Fraud Allegations from Other Proceedings
[ECF No. 66]

Rangaraju has moved to exclude allegations of fraud made against him in any related civil proceeding.  The Government asserts that the only evidence it intends to introduce from those proceedings is an "Agreed Judgment Entry" filed in a civil action litigated by Aquent against Allied, Robinson, Saraswathy and Rangaraju.  ECF No. 75.  The civil complaint (ECF No. 66-1) alleged facts similar to those in the criminal Indictment.  The complaint also asserted claims based on fraud and conversion, and sought damages in excess of $22 million.  The Agreed Judgment Entry (ECF No. 66-2 ) filed in that action stipulated that Allied, Rangaraju, Saraswathy and Robinson "are jointly and severally liable" to Aquent in the amount of $11.1 million but did not admit to any specific act of wrongdoing.  Rangaraju claims this evidence should be precluded because (1) it is inadmissible hearsay and (2) any probative value is outweighed by its prejudicial effect.

The Agreed Judgment Entry is not inadmissible hearsay because FRE 801(d)(2)(A) permits the introduction of statements offered against a party that is the party's own statement.  The next question is whether the evidence is impermissibly prejudicial.  "In reviewing whether evidence is admissible under Rule 403, this court looks at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Cunningham*, 679 F.3d 355, 383 (6th Cir. 2012) (internal quotations omitted).

While any prejudicial effect may be mitigated with appropriate instructions to the jury that the Agreed Judgment Entry is only an admission of liability and not an admission of

5

(5:11cr00584)

wrongdoing, *see United States v. Cohen*, 946 F.2d 430, 435 (6th Cir. 1991); *United States v. Cunningham*, 679 F.3d at 383, there is another evidentiary matter for the Court to consider that encourages the Court to bar the introduction of the Agreed Judgment Entry.

FRE 408(a) prohibits the use of compromise evidence to prove the validity of a disputed claim. Here, the stipulation of liability appears to be a settlement of the civil action. "While the rule [espoused in FRE 408 (a)] is ordinarily phrased in terms of *offers* of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party." Advisory Committee Notes to the 1972 Proposed Rules (emphasis added). Moreover, the disputed claim in the civil action involved, as in the criminal action, the question of whether Defendants devised a scheme to defraud Aquent out of millions of dollars. Furthermore, the Government has made it clear in its brief (ECF No. 75 at 6) that it intends to use the Agreed Judgment Entry to prove Rangaraju's knowledge of wrongdoing. *See United States v. Davis*, 596 F.3d 852, 861 (D.C. Cir. 2010) ("consciousness of guilt . . . is one of the prohibited purposes in Rule 408(a)").

Rangaraju's Motion to Exclude Fraud Allegations From Other Proceedings is therefore GRANTED. Defense counsel is cautioned, however, that if a door is opened, permitting access to the excluded record, the Court will, if requested to do so, revisit this ruling. The Court may also reconsider its ruling if the Government persuasively offers one of the exceptions contained in FRE 408(b).

### 6. Government's Motion Concerning Redaction of Bank Account Information from Trial Exhibits [ECF No. 88.]

The Government has moved the Court to not require the redaction of bank account

(5:11cr00584)

information from trial exhibits. Rangaragu has not opposed this motion.

Local Rule 49.1.1 applies only to documents filed with the Court. This interpretation is supported by the Advisory Committee Notes to Fed. R. Crim. Proc. 49.1, which states: "Trial exhibits are subject to the redaction requirements of Rule 49.1 *to the extent* they are filed with the court." (Emphasis added). The Court has found nothing in the E-Government Act of 2002--which requires the Supreme Court to prescribe rules protecting privacy concerns "relating to electronic filing of documents," Public Law No. 107-347, section 205(c)(3)--that governs documents not actually filed with the Court. These rules appear to protect sensitive materials docketed with the Court and thus are accessible by the public, but not undocketed materials, which are more difficult to access.

None of the foregoing, however, interfere with the Court's discretionary powers to decide how evidence should be presented during trial. For example, Fed. R. Crim. Proc. 49.1(e) permits the Court to require the redaction of "additional information" for good cause. The Court may also subject the trial exhibits to the redacting rules by ordering that they be filed.

Nevertheless, based upon the record before it, the Government's motion is granted. Redaction of bank account information is not required, in this case.

    IT IS SO ORDERED.

| | |
|---|---|
|  November 2, 2012 |  /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

7

(5:11cr00584)