PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:11CR00584-3 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | [Resolving ECF Nos. 112 and 113] |
| JEEVA RANGARAJU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

During a telephonic conference held on November 7, 2012, the Court addressed pretrial issues, including  Defendant's Motion to Strike Content from Government's Trial Brief (ECF No. 112) and Defendant's Motion in Limine for Disclosure of Assurances Made to Witnesses or for the Exclusion of Evidence (ECF No. 113).

At the threshold, the Counsel is reminded that a party's trial brief, when well prepared, educates the Court and is not evidence, argument or an allegation that can be stricken.  Therefore, the motion *to strike* is inappropriate.  The Court now turns to the more substantive matters within Defendant's motions.

A.   Defendant's motion to *strike from the Government's trial brief mention* of the civil settlement is denied.  The trial brief is for the Court's use only.  Its contents will not be shared with the jury.  Additionally, The underlying concern was addressed when the Court ruled that allegations of fraud made against Defendant in any related civil proceeding, including the Agreed Judgment Entry, are excluded.  *See* ECF No. 104.

Case: 5:11-cr-00584-BYP  Doc #: 124  Filed: 11/09/12  2 of 4.  PageID #: 1063

(5:11CR584-3)

B.    Defendant's motion to exclude expert testimony regarding the "'Interstate Nature" of Wire Transmissions" is denied as moot.  During the conference, the Government explained its intention to elicit testimony about the EFT and ACH wire transmissions from fact witnesses.  Based upon the Government's explanation, the motion to exclude expert testimony is denied as moot.

C.    Defendant prefers that co-conspirator statements be admitted, at trial, only after the Court has determined that the Government has established by a preponderance of the evidence "that a conspiracy existed, that [defendant] was a member of the alleged conspiracy, and that the statements were made during its course and in furtherance of it." ECF No. 112 at 4.  "In the Sixth Circuit, under *Enright*, the trial court has considerable discretion in structuring the method and order of proof of conspiracy. The Sixth Circuit in *Vinson*, 606 F.2d 149, set forth three alternative procedures for district judges to follow in conspiracy trials which will allow the government to present its evidence while at the same time protect defendants from inadmissible hearsay evidence: 1. A "mini-hearing" where the Court, outside the hearing of the jury, hears the government's evidence of a conspiracy and makes a preliminary determination of the existence of a conspiracy. 2. Where the Court requires the government to structure its case such that government produces non-hearsay evidence prior to seeking introduction of the hearsay statements in order that the Court may make a preliminary determination of the existence of a conspiracy. 3. Admit the hearsay statements subject to a later determination of

2

(5:11CR584-3)

their admissibility.  *See* ECF No. 109 at 9 (*citing United States v. Vinson*, 606 F.2d at 152-53).  The Court will admit alleged co-conspirator statements subject to a later determination of their admissibility.  Specifically, at the conclusion of the Government's case-in-chief, The Court will rule upon Defendant's hearsay motion.  The Government's counsel is hereby on notice that alleged co-conspirator statements are admitted subject to Defendant's continuing objection.

D.      After hearing counsel on Defendant's request for Co-Defendant Statements (ECF No. 112) and his motion for disclosure of assurances made to witnesses (ECF No. 113), the Court is satisfied that not later than the Friday prior to the start of trial or sooner if required to do so by Rule 16 of the Federal Rules of Criminal Procedure, the Court's trial order or *Brady* v. Maryland, 373 U.S. 83 (1963),  the Government will produce those statements or other documents and information not already produced.

E.      The Government has given notice of its intention to present *res gestae* evidence and, out of an abundance of caution, has alternatively described this evidence as 404(b).  ECF No. 109 at 15. The Government informed the Court that it intends to offer evidence of: "falsely inflated financial information which Defendant provided to IdaSoft as well as evidence of submission of falsely inflated revenues to INC500" as inextricably intertwined or background evidence.  ECF No. 109 at 18.  The Court finds the evidence identified by the Government and restated herein to be inextricably intertwined with the charged conduct.   Defendant's

3

(5:11CR584-3)

motion is denied to the extent is seeks to keep out that identified herein.

Defendant may later renew its motion relative to other evidence, if necessary.

IT IS SO ORDERED.

 November 9, 2012                          _/s/ Benita Y. Pearson_____
Date                                        Benita Y. Pearson
                                            United States District Judge

4